UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF FLORIDA
CASE NO.:    -cv-

ADRIAN MORALES, ALFREDO JUSTIZ,
ALIESKI MARIN, *et al.*,

    Plaintiffs,

v.

SOLAR BEAR SERVICES, LLC., a Florida Company;
ELITE HVAC GROUP, LLC., a Florida Company;
AIR PROS BLUE STAR, LLC., a Florida Company;
AIR PROS, LLC., a Florida Company; AIR PROS
SOLUTIONS, LLC. a Delaware Company;
DUANE RAPSON, individually;
DAVID EVELAND, individually;
DOUGLAS PERERA SR., individually; and
DOUGLAS PERERA, JR, individually

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Adrian Morales, Alfredo Justiz, Alieski Marin, Antonio Atiles, Diana Palermo, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Hector Rodriguez, Ismely Alonso, Jimmy Velazquez, Jorge Cruz, Jose Mejias, Jose Quesada, Jose Sosa, Juan Arguez, Manfred Oliva, Maria Aguilar, Michelle Diaz, Misael Noriega, Myriam Arreaga, Pavel Alonso, Ramon Jiron, Rodolfo Torres, Roger Brooks, Terrance Gaines, and Yosbel Milian (hereby collectively referred to as "Plaintiffs), by and through undersigned counsel, sues Defendants, SOLAR BEAR SERVICES, LLC., a Florida Company, ELITE HVAC GROUP, LLC., a Florida Company, AIR PROS BLUE STAR, LLC., a Florida Company, AIR PROS, LLC., a Florida Company, AIR PROS SOLUTIONS, LLC., a Delaware Company, and DUANE RAPSON, individually, DAVID EVELAND, individually, DOUGLAS PERERA SR., individually, and

DOUGLAS PERERA, JR. individually (hereafter collectively referred to as "Defendants") pursuant to 29 U.S.C. §201, *et.seq.*, the Fair Labor Standards Act (the "FLSA") and violation of Florida Statute § 448.110 and states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal statute, namely, 29 U.S.C. §207.

2. This Court has personal jurisdiction over this action because Defendants conduct business in Miami-Dade County, Florida and the damages at issue occurred in Miami-Dade County, Florida.

3. Venue is proper to this court under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

4. At all times, relevant to this action Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. §203(e)(1).

## PARTIES

5. All Plaintiffs are former employees of Defendants as defined by 29 U.S.C. §203(e). Plaintiffs were technicians, assistant technicians, lead generators, salesmen, or other similar positions.

6. Plaintiff, Adrian Morales, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April of 2019 through November 22, 2019.

7. Plaintiff, Alfredo Justiz, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January of 2016 through the present.

8. Plaintiff, Alieski Marin, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately September 12, 2014 through October 28, 2019.

9. Plaintiff, Antonio Atiles, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately February of 2014 through February 4, 2020.

10. Plaintiff, Diana Palermo, is an adult female, resident of Florida who presently resides in Miami-Dade County, Florida. She worked as an hourly non-exempt employee of Defendants from approximately September 12, 2014 through October 28, 2019.

11. Plaintiff, Dunieski Gonzalez, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately May 23, 2017 through November 22, 2019.

12. Plaintiff, Elieser Perez, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately September 2, 2019 through October 28, 2019.

13. Plaintiff, Feslio Francois, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately August 10, 2017 through November 19, 2019.

14. Plaintiff, Gabriel Guzman, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately February of 2013 through November of 2019.

15. Plaintiff, Hector Rodriguez, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April of 2016 through October 28, 2019.

16. Plaintiff, Ismely Alonso, is an adult female, resident of Florida who presently resides in Miami-Dade County, Florida. She worked as an hourly non-exempt employee of Defendants from approximately October of 2013 through September 27, 2019.

17. Plaintiff, Jimmy Velazquez, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately July of 2016 through October of 2019.

18. Plaintiff, Jorge Cruz, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately June of 2019 through December of 2019.

19. Plaintiff, Jose Mejia, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April of 2016 through February 8, 2020.

20. Plaintiff, Jose Quesada, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately August of 2019 through November 11, 2019.

21. Plaintiff, Jose Sosa, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately September 5, 2019 through October 4, 2019.

22. Plaintiff, Juan Arguez, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately September of 2014 through February of 2020.

23. Plaintiff, Manfred Oliva, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January 4, 2014 through January 10, 2020.

24. Plaintiff, Maria Aguilar, is an adult female, resident of Florida who presently resides in Miami-Dade County, Florida. She worked as hourly non-exempt employee of Defendants from approximately January 1, 018 through March of 2020.

25. Plaintiff, Michelle Diaz, is an adult female, resident of Florida who presently resides in Miami-Dade County, Florida. She worked as an hourly non-exempt employee of Defendants from approximately August 28, 2017 through October 17, 2019.

26. Plaintiff, Misael Noreiga, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April 4, 2016 through the present.

27. Plaintiff, Myriam Arreaga, is an adult female, resident of Florida who presently resides in Miami-Dade County, Florida. She worked as an hourly non-exempt employee of Defendants from approximately February of 2018 through November 29, 2019.

28. Plaintiff, Pavel Alonso, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately November of 2017 through the present.

29. Plaintiff, Ramon Jiron, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately July of 2013 through February 24, 2020.

30. Plaintiff, Rodolfo Torres, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately February of 2014 through the present.

31. Plaintiff, Roger Brooks, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January of 2018 through November 15, 2019.

32. Plaintiff, Terrance Gaines, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately September of 2014 through February of 2020.

33. Plaintiff, Yosbel Milian, is an adult male, resident of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April of 2016 through October 28, 2019.

34. At all times material hereto, Plaintiffs are and continue to be residents of Miami, Miami-Dade County, Florida and were an "employee" of the Defendants within the meaning of the FLSA.

35. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by the Defendants.

36. Plaintiffs while employed by Defendants were engaged in commerce.

37. Defendant, SOLAR BEAR SERVICES, LLC., is a Florida Company with its principle address located at 1001 Park Centre Blvd. Miami Gardens, Florida 33169.

38. Defendant, ELITE HVAC GROUP, LLC. is a Florida Company with its principle address located at 1001 Park Centre Blvd. Miami Gardens, Florida 33169.

39. Defendant, AIR PROS BLUE STAR, LLC. is a Florida Company with its principle address located at 3801 SW 47th Avenue 504 Davie, Florida 33314.

40. Defendant, AIR PROS, LLC. is a Florida Company with its principle address located at 1705 Whitehall Drive Davie, Florida 33324.

41. Defendant, AIR PROS SOLUTIONS, LLC. is a Delaware Company with its principle address located at 251 Little Falls Drive Wilmington, DE 19808, authorized to conduct business in the State of Florida, and conducts business in Miami, Florida.

42. Defendant, DUANE RAPSON is the President of Defendant, SOLAR BEAR SERVICES, LLC. and Defendant ELITE HVAC GROUP, LLC. and was Plaintiffs' employer within the meaning of the FLSA as she was Plaintiffs' supervisor, had the power to hire and fire employees, including Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant.

43. As an officer, manager and/or owner of the Defendant, SOLAR BEAR SERVICES, LLC. and Defendant ELITE HVAC GROUP, LLC., who had significant operational control of its day to day operations, DUANE RAPSON is an employer within the meaning of the

FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 492, 12 Wage and Hour Case. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

44. Defendant, DAVID EVELAND is the President of Defendant, SOLAR BEAR SERVICES, LLC. and Defendant ELITE HVAC GROUP, LLC. and was Plaintiffs' employer within the meaning of the FLSA as she was Plaintiffs' supervisor, had the power to hire and fire employees, including Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant.

45. As an officer, manager and/or owner of the Defendant, SOLAR BEAR SERVICES, LLC. and Defendant ELITE HVAC GROUP, LLC., who had significant operational control of its day to day operations, DAVID EVELAND is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 492, 12 Wage and Hour Case. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

46. Defendant, DOUGLAS PERERA SR. is the President of Defendants AIR PROS BLUE STAR, LLC., AIR PROS, LLC. and AIR PROS SOLUTIONS, LLC. and was Plaintiffs' employer within the meaning of the FLSA as she was Plaintiffs' supervisor, had the power to hire and fire employees, including Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant.

47. As an officer, manager and/or owner of the Defendants, AIR PROS BLUE STAR, LLC., AIR PROS, LLC. and AIR PROS SOLUTIONS, LLC, who had significant operational

control of its day to day operations, DOUGLAS PERERA SR. is an employer within the meaning of the FLSA. See In re Van Diepen, P.A., 236 Fed. Appx. 492, 12 Wage and Hour Case. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

48. Defendant, DOUGLAS PERERA SR. is the President of Defendants, AIR PROS BLUE STAR, LLC., AIR PROS, LLC. and AIR PROS SOLUTIONS, LLC. and was Plaintiffs' employer within the meaning of the FLSA as she was Plaintiffs' supervisor, had the power to hire and fire employees, including Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant.

49. As an officer, manager and/or owner of the Defendants, AIR PROS BLUE STAR, LLC., AIR PROS, LLC. and AIR PROS SOLUTIONS, LLC., who had significant operational control of its day to day operations, DOUGLAS PERERA SR. is an employer within the meaning of the FLSA. See In re Van Diepen, P.A., 236 Fed. Appx. 492, 12 Wage and Hour Case. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

50. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

51. At all times material, during Plaintiffs' employment with Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

52. Plaintiffs were employed by Defendants as technicians, assistant technicians, lead generators, and salesmen required to install, repair, maintain, and sell services for air conditioning units.

53. Defendants promised Plaintiff that they were going to be paid an hourly wage.

54. Plaintiffs regularly worked in excess of forty (40) hours per week but were not paid at the rate of time-and-one half their regular hourly rate.

55. Although the Defendants were able to keep track of hours worked by Plaintiffs, the Defendants failed to pay Plaintiffs at an overtime rate when working in excess of forty (40) hours a week.

56. Plaintiffs should have been paid on an hourly, non-exempt rate during the entire court of their employment with the Defendants.

57. Plaintiffs were not paid at all by Defendants from September 28, 2019 through October 28, 2019.

58. Defendants have willfully failed to pay Plaintiffs an overtime premium for all hours worked in excess of forty (40) each week for the purpose of minimizing payroll and increasing profitability.

59. Defendants have willfully failed to pay Plaintiffs minimum wage for all hours worked for the purpose of minimizing payroll and increasing profitability.

60. Defendants received the benefits of the Plaintiffs' labor without compensating them for the labor.

61. Defendants are liable under the FLSA for failing to compensate Plaintiffs for all hours worked and notice should be sent to past and current employees of Defendants.

## COUNT I
### Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. §207

62. Plaintiffs allege and incorporate by reference paragraphs 1-61 of this Complaint and fully restate and re-allege all facts and claims herein.

63. Plaintiffs were entitled to be paid at the rate of time and one-half for the hours worked in excess of forty (40) hours per week.

64. The Defendants' conduct in failing to pay Plaintiffs an overtime premium for all hours worked in excess of forty (40) violates the FLSA.

65. The Defendants have willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. §207.

66. The widespread nature of Defendants' failure to pay overtime under the FLSA is demonstrative of their willful plan and scheme to avoid paying an overtime premium to Plaintiffs.

67. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

68. Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiffs.

69. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

70. Plaintiffs entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, Adrian Morales, Alfredo Justiz, Alieski Marin, Antonio Atiles, Diana Palermo, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Hector Rodriguez, Ismely Alonso, Jimmy Velazquez, Jorge Cruz, Jose Mejias, Jose Quesada, Jose Sosa, Juan Arguez, Manfred Oliva, Maria Aguilar, Michelle Diaz, Misael Noriega, Myriam Arreaga, Pavel Alonso, Ramon Jiron, Rodolfo Torres, Roger Brooks, Terrance Gaines, and Yosbel Milian, demand judgment against Defendans, jointly and severally, as follows:

   a. Declaring that Defendants violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiffs overtime compensation in the amount calculated;

   c. Awarding Plaintiffs liquidated damages in the amount calculated;

   d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiffs post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## COUNT II
### Violation of Florida Statute 448.110 (Below Minimum Wage)

71. Plaintiffs allege and incorporate by reference paragraphs 1-61 of this Complaint and fully restate and re-allege all facts and claims herein.

72. Plaintiffs were not paid minimum wages for hours worked from September 28, 2019 through October 28, 2019.

73. Plaintiffs were not paid at all for hours worked from September 28, 2019 through October 28, 2019.

74. Plaintiffs are entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

75. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs, Adrian Morales, Alfredo Justiz, Alieski Marin, Antonio Atiles, Diana Palermo, Dunieski Gonzalez, Elieser Perez, Feslio Francois, Gabriel Guzman, Hector Rodriguez, Ismely Alonso, Jimmy Velazquez, Jorge Cruz, Jose Mejias, Jose Quesada, Jose Sosa, Juan Arguez, Manfred Oliva, Maria Aguilar, Michelle Diaz, Misael Noriega, Myriam Arreaga, Pavel Alonso, Ramon Jiron, Rodolfo Torres, Roger Brooks, Terrance Gaines, and Yosbel Milian, demand judgment against the Defendants, jointly and severally, as follows:

   a) Award to Plaintiffs for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiffs liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

   c) Award to Plaintiffs reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com